United States District Court
Southern District of Texas

**ENTERED**

September 25, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE NAOYUKI MATHEWS a/k/a Mike Navuki Mathews TDCJ #00655381, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-1755 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Mike Naoyuki Mathews a/k/a Mike Navuki Mathews
(TDCJ #00655381), is an inmate incarcerated at the Wynne Unit of
the Texas Department of Criminal Justice - Correctional
Institutions Division ("TDCJ"). Mathews has filed a Petition for
a Writ of Habeas Corpus By a Person in State Custody ("Petition")
(Docket Entry No. 1), along with an Original Writ of Habeas Corpus
Memorandum of Law with Brief in Support, Title 28 U.S.C. § 2254 By
a Person in State Custody ("Memorandum of Law") (Docket Entry
No. 1-1) and exhibits (Docket Entry No. 1-2), challenging the due
process procedures attendant to an adverse parole decision. After
reviewing the pleadings under Rule 4 of the Rules Governing Section
2254 Cases in the United States District Courts, the court

concludes that this case should be dismissed for the reasons explained below.

## I.  **Background**

In 1993 Mathews was convicted of murder in Cause No. 43,164 in the 27th Judicial District Court of Bell County, Texas, which sentenced him to 50 years in prison.[1]  Mathews does not challenge the validity of his underlying conviction.  Instead, Mathews challenges a decision made by the Texas Board of Pardons and Paroles ("Parole Board") when he was incarcerated at the Wynne Unit, which resulted in the denial of his early release on parole.

According to exhibits provided by Mathews, the Parole Board denied him early release on parole on February 2, 2023, for the following reason:

>    2D   The record indicates the instant offense has
>         elements of brutality, violence, assaultive
>         behavior, or conscious selection of victim's
>         vulnerability indicating a conscious disregard for
>         the lives, safety, or property of others, such that
>         the offender poses a continuing threat to public
>         safety.[2]

Mathews' next parole review is scheduled for February of 2026.[3]

---

[1] Petition, Docket Entry No. 1, p. 2; see also Inmate Info. Search, Texas Department of Criminal Justice, https://inmate.tdcj. texas.gov/InmateSearch/viewDetail.action?sid=05066429 (last visited Sept. 23, 2024).

[2] Notice of Parole Panel Decision, Exhibit A to Petition, Docket Entry No. 1-2, p. 1.

[3] Id.

On October 5, 2023, Mathews filed a state habeas application challenging the parole decision.[4]   On January 31, 2024, the Texas Court of Criminal Appeals found that Mathews did not have a liberty interest in parole that is protected by due process, and the court denied his application.[5]

In his Petition Mathews makes two main arguments.   First, Mathews asserts that the TDCJ-issued "Individual Treatment Plan" "creates a liberty interest in the proceeding to be placed in a rehabilitative program that is contingent for the Petitioner's conditional liberty."[6]   He claims that not being permitted to complete the "Individual Treatment Plan" keeps him from being considered for parole.[7]   Mathews asserts that this violates due process.[8]   Second, Mathews asserts that his due process rights were violated because the parole members who made his parole decision were not qualified to do so and that a finding of "future dangerousness" is based on "junk science."[9]   He describes his "diagnosed criminal behavior" as a "sickness," and asserts that the

---

[4] Petition, Docket Entry No. 1, p. 4.

[5] Id. at 4; Findings of Fact and Conclusions of Law, Exhibit C to Petition, Docket Entry No. 1-2, p. 3.

[6] Memorandum of Law, Docket Entry No. 1-1, pp. 3, 11; see also Petition, Docket Entry No. 1, pp. 6-7.

[7] See Memorandum of Law, Docket Entry No. 1-1, pp. 3-4.

[8] See id. at 4.

[9] See id. at 13; see also Petition, Docket Entry No. 1, p. 6.

-3-

respondent's refusal to treat his "sickness" violates the Eighth Amendment.[10]

## II.  Discussion

### A.  Claim One

Mathews asserts that the Individualized Treatment Plan creates a liberty interest in having an inmate complete his rehabilitation. He argues that his inability to complete the Individualized Treatment Plan, and thus be considered for parole, violates his constitutional rights.[11]

There are two ways in which a Texas inmate becomes eligible for early release from imprisonment. The first is by "parole" and the second is by "mandatory supervision" release. "'Parole' means the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). "'Mandatory supervision' means the release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Id. § 508.001(5). While parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual

---

[10] Memorandum of Law, Docket Entry No. 1-1, p. 4.

[11] See id. at 4.

calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263 n.1 (5th Cir. 2007).

Mathews is not eligible for mandatory supervision because he has a felony conviction for murder. See Tex. Gov't Code § 508.149(a)(2) (excluding felons convicted of first- or second-degree murder from eligibility for mandatory supervision). Thus, this case only concerns Mathews' claim that he was denied discretionary parole without due process.

Prison inmates are entitled to protection under the Due Process Clause found in the Fourteenth Amendment only when an official infringes a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995) (citing Board of Pardons v. Allen, 107 S. Ct. 2415, 2418 (1987)). The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. See Allen, 107 S. Ct. at 2421 n.10 (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2105 (1979) (holding that a statute that "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process").

-5-

Similarly, the Fifth Circuit has repeatedly recognized that the Texas parole statutes create no constitutional right to release on parole because they create no expectancy of early release. See Williams v. Briscoe, 641 F.2d 274, 277 (5th Cir. 1981) (finding that Texas parole statute does not create a protectable expectancy of release, but rather creates nothing more than a hope of parole); see also Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995); Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993); Creel v. Keene, 928 F.2d 707, 712 (5th Cir. 1991). Thus, it is settled that Texas inmates "have no protected liberty interest in parole. . . ." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Absent a protected liberty interest in parole, Mathews cannot show that he was denied parole in violation of the Due Process Clause. Nor does Mathews have a protected liberty interest in participating in an "Individual Treatment Plan" or any other rehabilitation program. See, e.g., Moody v. Daggett, 97 S. Ct. 274, 279 n.9 (1976); Johnson v. Wainwright, Civil Action No. 2:19-CV-341, 2020 WL 4365546, at *3 (S.D. Tex. July 30, 2020) (dismissing petitioner's claim that defendants were denying him access to an Individual Treatment Program because, even if state law requires access to an Individual Treatment Program, the petitioner had no liberty interest in that program or rehabilitation more broadly); Smith v. Davis, Civil Action No. 2:17-CV-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017)

-6-

("Absent a protected liberty interest in being paroled, petitioner cannot show he was denied parole in violation of the Due Process Clause. Petitioner's argument that he has some how 'earned the privilege of parole' under his Individual Treatment Plan and therefore, presumably, has some form of protected liberty interest in being release[d] to parole, is unsupported by case law . . . ."), R&R adopted by 2017 WL 1857240 (N.D. Tex. May 5, 2017). Because Mathews has no protected liberty interest in parole -- or in a rehabilitation plan — he is not entitled to habeas corpus relief on this issue.

## B. Claim Two

In his second claim Mathews asserts the Parole Board's consideration of his crime of conviction in making its decision whether to grant or deny parole violates his constitutional rights.[12] This argument fails. "Parole review under Texas law is committed to the discretion of the parole board and a Texas inmate has no constitutionally protected expectancy of parole; consequently, due process complaints concerning parole procedures or eligibility by Texas inmates do not raise constitutional concerns . . . ." Gross v. Quarterman, Civil Action No. H-04-136, 2007 WL 4411755, at *10 (S.D. Tex. Dec. 17, 2007) (citing Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) and Orellana, 65 F.3d at 32). Moreover, "[r]ecognizing the choices presented by an

---

[12] See id. at 13.

administrative decision to grant parole release, courts have consistently held that there is simply no denial of an inmate's constitutional rights by reason of the parole board's consideration of the nature and circumstances of the offense." Id. (citing Page v. United States Parole Comm'n, 651 F.2d 1083, 1085–86 (5th Cir. 1981), Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979), and Bistram v. United States Parole Comm'n, 535 F.2d 329, 330 (5th Cir. 1976)).

Federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because his claims have no merit, Mathews' Petition lacks an arguable basis in law and is subject to dismissal for that reason. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998). Accordingly, Mathews' Petition will be denied and this case will be dismissed.

### III. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

-8-

wrong." <u>Tennard v. Dretke,</u> 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell,</u> 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack,</u> 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte,</u> without requiring further briefing or argument. <u>See</u> <u>Alexander v. Johnson,</u> 211 F.3d 895, 898 (5th Cir. 2000). Because the issues presented concern a clearly settled area of law, the court concludes that jurists of reason would not debate whether Mathews' Petition states a valid claim for relief or should be resolved in a different manner. Accordingly, a certificate of appealability will not issue.

## IV.  **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1.  Mike Naoyuki Mathews' Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

2.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 24th day of September, 2024.


                                    SIM LAKE
                    SENIOR UNITED STATES DISTRICT JUDGE

-10-